**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VALERIE KENDALL, | ) | NO. CV 08-2952-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

     Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied and this matter is remanded for further
administrative action consistent with this Opinion.


**PROCEEDINGS**


     Plaintiff filed a complaint on May 12, 2008, seeking review of
the Commissioner's denial of benefits.  The parties filed a consent to
proceed before a United States Magistrate Judge on June 26, 2008.

1  Plaintiff filed a motion for summary judgment on November 26, 2008.

2  Defendant filed a motion for summary judgment on December 16, 2008.

3  The Court has taken both motions under submission without oral

4  argument.  See L.R. 7-15; "Order," filed May 14, 2008.

5

6  **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7

8      Plaintiff asserts disability based primarily on alleged mental

9  impairments.  Dr. Townsend, an examining psychologist, diagnosed

10 depressive disorder and opioid dependence, for Plaintiff reportedly

11 has had a 26-year history of heroin dependence (Administrative Record

12 ("A.R.") 368-69).  Dr. Townsend rated Plaintiff's Global Assessment of

13 Functioning ("GAF") at 45 and found significant functional

14 limitations, but also opined that "[i]f not using drugs, [Plaintiff]

15 would be able to complete a full day's work" (A.R. 362-64, 368-69).

16

17     The Administrative Law Judge ("ALJ") observed that "[t]he

18 medical evidence indicates that [Plaintiff] has a major depressive

19 disorder and a history of drug abuse" (Supplemental Administrative

20 Record ("S.A.R.") 3).  Nevertheless, the ALJ found that Plaintiff does

21 not have any severe mental impairment, stating: "[t]he limitation

22 suggested by Dr. Townsend would only apply if the claimant were using

23 drugs" (S.A.R. 4).

24

25 **STANDARD OF REVIEW**

26

27     Under 42 U.S.C. section 405(g), this Court reviews the

28 Commissioner's decision to determine if: (1) the Commissioner's

1   findings are supported by substantial evidence; and (2) the

2   Commissioner used proper legal standards.  See Swanson v. Secretary,

3   763 F.2d 1061, 1064 (9th Cir. 1985).

4

5                              **DISCUSSION**

6

7        Social Security Ruling ("SSR") 85-28[1] governs the evaluation of

8   whether an alleged impairment is "severe":

9

10        An impairment or combination of impairments is found

11        'not severe' . . . when medical evidence establishes

12        only a slight abnormality or a combination of slight

13        abnormalities which would have no more than a minimal

14        effect on an individual's ability to work . . . i.e.,

15        the person's impairment(s) has no more than a minimal

16        effect on his or her physical or mental ability(ies)

17        to perform basic work activities . . .

18

19        Great care should be exercised in applying the not

20        severe impairment concept.  If an adjudicator is unable

21        to determine clearly the effect of an impairment or

22        combination of impairments on the individual's ability

23        to do basic work activities, the sequential evaluation

24        process should not end with the not severe evaluation

25        step.

26   ───────────────────

27        [1]    Social    Security    rulings    are    binding    on    the
     Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1
28   (9th Cir. 1990).

1       If such a finding [of non-severity] is not clearly

2       established by medical evidence, however, adjudication

3       must continue through the sequential evaluation process.

4       SSR 85-28 at 22-23.

5

6 See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the

7 severity concept is "a de minimis screening device to dispose of

8 groundless claims").

9

10      In the present case, the medical evidence does not "clearly

11 establish [ ]" the non-severity of Plaintiff's alleged mental

12 impairments.  "A GAF between 41 and 50 indicates serious symptoms

13 (e.g., suicidal ideation, severe obsessional rituals, frequent

14 shoplifting) or any serious impairment in social, occupational, or

15 school functioning (e.g., no friends, unable to keep a job)."  Morgan

16 v. Commissioner, 169 F.3d 595, 598 n.1 (9th Cir. 1999); see Castaneda

17 v. Apfel, 2001 WL 210175 *3 (D. Or. Jan. 18, 2001) (GAF in this range

18 "is indicative of a disabling level of impairments").  Dr. Townsend

19 opined Plaintiff has more than minimal limitations on her ability to

20 perform basic work activities (A.R. 362-64).  To the extent the record

21 contains conflicting evidence, any such conflicts do not "clearly

22 establish" the non-severity of Plaintiff's alleged mental impairments.

23

24      In finding Plaintiff's alleged mental impairments non-severe,

25 the ALJ appears improperly to have discounted Plaintiff's drug

26 dependency at the severity stage of the sequential analysis.

27 According to the Ninth Circuit, an ALJ "must first conduct the five-

28 step inquiry without separating out the impact of alcoholism or drug

1  addiction."  <u>Bustamante v. Massanari</u>, 262 F.3d 949, 955 (9th Cir.

2  2001).  By separating out the effects of Plaintiff's opioid dependency

3  at the severity stage of the inquiry, the ALJ erred.  <u>See</u> <u>id.</u> (error

4  to determine the impact of substance abuse at the severity stage).

5

6       When a court reverses an administrative determination, "the

7  proper course, except in rare circumstances, is to remand to the

8  agency for additional investigation or explanation."  <u>INS v. Ventura</u>,

9  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

10  proper where, as here, additional administrative proceedings could

11  remedy the defects in the decision.  <u>McAllister v. Sullivan</u>, 888 F.2d

12  599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d

13  1496, 1497 (9th Cir. 1984).

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1              **CONCLUSION**

2

3        For all of the foregoing reasons,[2] Plaintiff's and Defendant's

4   motions for summary judgment are denied and this matter is remanded

5   for further administrative action consistent with this Opinion.

6

7        LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9        DATED:  December 31, 2008.

10

11                              _____/S/_____
                                        CHARLES F. EICK
12                              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27   [2]      The Court has not reached any other issue raised by
     Plaintiff except insofar as to determine that a reversal with a
28   directive for the payment of benefits would not be appropriate at
     this time.